## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHARLES F. LEWIS,

                    Petitioner,

        v.                           CASE NO.   12-3114-RDR

JON LOFTNESS, Acting
Warden, et al.,

                    Respondents.

### O R D E R

    This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas.  The $5.00 filing fee for a habeas petition has been paid.

    Mr. Lewis claims that he is being denied proper medical treatment in connection with his "colostomy issues" and problematic stoma.  He asserts a violation of the Eighth Amendment.  In support of this claim he alleges that he has cared for his condition for over 4000 days and never had the "serious problems" he is encountering at the USPL.  He asks the court to issue a restraining order requiring "the BOP" to terminate the present inappropriate treatment, furnish him with certain medical supplies, and have him seen by an "independent Stoma Specialist."

### SCREENING

    Because Mr. Lewis is a prisoner, the court is required by statute to screen his pleadings and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.    28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §

1915(e)(2)(B).  Having screened the materials filed, the court finds the following defects.

## CONDITIONS CLAIM NOT COGNIZABLE IN § 2241 PETITION

A claim by a prison inmate that he is being denied necessary medical treatment is a claim regarding the conditions of his confinement.  Such a claim is not properly brought in a habeas corpus petition, which is instead the remedy for seeking immediate or speedier release.  It follows that Mr. Lewis's claims may only be brought in a civil rights complaint.  He will be provided forms for filing a complaint under 28 U.S.C. § 1331, and given time to submit his claim upon the appropriate forms.[1]

## STATUTORY FILING FEE NOT SATISFIED

The statutory fee for filing a civil rights complaint is $350.00.  Mr. Lewis has neither paid the appropriate fee amount for his conditions claim nor submitted a motion to proceed without prepayment of fees.  He is forewarned that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the appropriate filing fee.  Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[2] Furthermore, § 1915 requires that a prisoner seeking to bring a

---

[1]     Local court rules require that civil complaints and motions to proceed without fees be submitted upon court-provided forms.

[2]     Pursuant to §1915(b)(2), the Finance Office of the facility where Mr. Lewis is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in his institutional account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[3]

This action may not proceed until Mr. Lewis either pays the full $350.00 filing fee or submits a proper motion to proceed without prepayment of the fee that is supported with the financial information required by federal law. He will be provided forms for filing a motion and given time to satisfy the appropriate filing fee. He is forewarned that if he fails to comply with the provisions of 28 U.S.C. § 1915 in the time allotted, this action may be dismissed without further notice.[4]

## FACTS ALLEGED FAIL TO STATE AN EIGHTH AMENDMENT CLAIM

Mr. Lewis's own allegations and exhibits, rather than showing a denial of medical attention, indicate that he has been and is being provided medical attention for his serious medical condition. His allegations of a delay in receiving supplies or treatment are not sufficient to show a federal constitutional violation under the Eighth Amendment. Allegations of negligence are likewise

---

[3]    The court is also required to assess an initial partial filing fee based upon this financial information, and will do so after it receives the documents from Mr. Lewis.

[4]    If Mr. Lewis brought this action under § 2241 in an attempt to gain relief without incurring the $350.00 fee for a civil rights action, and does not wish to proceed under § 1331 given the much higher fee, then he may voluntarily dismiss this action. On the other hand, if he does not dismiss this action and instead continues to pursue his claims herein, it will be construed as brought under § 1331 and he will be assessed the $350 fee.

insufficient to state a federal constitutional claim.  Furthermore, an inmate has no right protected by the Constitution to a medical evaluation by an independent specialist.

In his new civil complaint submitted upon forms, Mr. Lewis must name as defendants those persons that have actually denied him necessary medical treatment and allege facts showing acts by each defendant amounting to deliberate indifference.  Personal participation is an essential element of a civil rights claim.  He must also allege facts showing the culpable state of mind of each defendant.  Moreover, in order to state a federal constitutional claim Mr. Lewis must allege additional facts showing more than negligence or delay in medical treatment.

If plaintiff fails to satisfy the appropriate filing fee and file a form complaint that cures the deficiencies in his pleadings within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE BY THE COURT ORDERED** that Mr. Lewis is granted thirty (30) days in which to submit his claims in a § 1331 form complaint[5] in which he cures the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period, Mr. Lewis is required to satisfy the filing fee of $350.00 by either paying the fee in full or submitting a motion to proceed without prepayment of fees upon forms together with the requisite financial information in support.

The clerk is directed to send Mr. Lewis forms for filing a § 1331 complaint and an IFP motion.

---

[5]    He must write the number of this case, 12-3114 in the caption on the forms.

IT IS SO ORDERED.

DATED:  This 7th day of June, 2012, at Topeka, Kansas.




<u>s/RICHARD D. ROGERS</u>
United States District Judge